IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.                              Case Nos.:    1:14cr05/MW/GRJ
                                               1:15cv231/MW/GRJ

KENSHA SHARELL CARTER

---

## REPORT AND RECOMMENDATION

This matter is before the Court upon Petitioner's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" and Memorandum of Law in Support thereof (ECF Nos. 39 & 40) and the Government's Response thereto. (ECF No. 42.) The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and FED. R. CIV. P. 72(b). After a review of the record and the arguments presented, the Court concludes that Petitioner has not raised any issue requiring an evidentiary hearing and that the § 2255 Motion should be denied. *See* Rules 8(a) and (b) Governing § 2255 Cases.

## I.  BACKGROUND

On February 25, 2014, a grand jury returned a one-count indictment charging Petitioner with possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (ECF No. 2.) Petitioner was thereafter arrested on the charge, and Federal Public Defender Darren Johnson was appointed to represent him. (ECF No. 8.)

On June 12, 2014, Petitioner appeared before the undersigned for the purpose of considering Petitioner's entry of a plea of guilty to the indictment. (ECF No. 25.) The undersigned entered a report and recommendation recommending that the District Judge accept Petitioner's plea of guilty. *Id.* On June 13, 2014, United States District Judge Mark E. Walker accepted the plea. (ECF No. 26.)

The Final Presentence Investigation Report ("PSR") reflected that Petitioner had a base offense level of 24. (ECF No. 29, PSR ¶ 16.) The PSR further determined Petitioner was subject to a Chapter Four Enhancement under the provision of § 924(e) of the Armed Career Criminal Act ("ACCA"). *Id.* at ¶ 22. Petitioner's total offense level was 31. *Id.* at ¶ 25. Petitioner's criminal history category was VI. *Id.* at ¶ 56. The applicable

guidelines range was 188 to 235 months. *Id.* at ¶ 103. On October 20, 2014, the Court sentenced Petitioner to 188 months of imprisonment, a five-year term of supervised release, and a $100 Special Monetary Assessment (ECF No. 35), and entered judgment against Petitioner two days later on October 22. (ECF No. 36.)

Petitioner did not file an appeal to the Eleventh Circuit Court of Appeals, nor did he file a Motion for Certiorari in the United States Supreme Court. On October 16, 2015, Petitioner filed the instant § 2255 Petition. (ECF No. 39 at 13.) On December 22, 2015, the Government filed a Response. (ECF No. 42.) Petitioner, despite being granted an extension of time, did not file a Reply.

## II. ANALYSIS

### A. General Legal Standard

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to Section 2255 are extremely limited. A prisoner is entitled to relief under Section 2255 if the court imposed a sentence that: (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the

maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a Section 2255 motion which have been resolved on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a

collateral attack under Section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation

omitted). Broad discretion is afforded to a court's determination of whether

a particular claim has been previously raised. *Sanders v. United States*,

373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different

factual allegations . . . or supported by different legal arguments . . . or

couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under Section 2255 is not a substitute for

direct appeal, issues which could have been raised on direct appeal are

generally not actionable in a Section 2255 motion and will be considered

procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*,

523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195

(11th Cir. 2011). An issue is "'available' on direct appeal when its merits

can be reviewed without further factual development." *Lynn*, 365 F.3d at

1232 n.14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the

ground of error was unavailable on direct appeal, a court may not consider

the ground in a Section 2255 motion unless the defendant establishes (1)

cause for not raising the ground on direct appeal, and (2) actual prejudice

resulting from the alleged error, that is, alternatively, that he is "actually

innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations

omitted). To show cause for procedural default, a defendant must show

that "some objective factor external to the defense prevented [him] or his

counsel from raising his claims on direct appeal and that this factor cannot

be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235.

A meritorious claim of ineffective assistance of counsel can constitute

cause. *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable

on direct appeal and are properly raised by a § 2255 motion regardless of

whether they could have been brought on direct appeal. *Massaro v. United*

*States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694

F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257

n.5 (11th Cir. 2016). In order to prevail on a constitutional claim of

ineffective assistance of counsel, a defendant must demonstrate both that

counsel's performance was below an objective and reasonable

professional norm and that he was prejudiced by this inadequacy.

*Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529

U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th

Cir. 2013). In applying *Strickland*, a court may dispose of an ineffective

assistance claim if a defendant fails to carry his burden on either of the two

prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d

1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th

Cir. 2000) ("[T]he court need not address the performance prong if the

defendant cannot meet the prejudice prong, or vice versa.").

   In determining whether counsel's conduct was deficient, this court

must, with much deference, consider "whether counsel's assistance was

reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688;

*see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir.

2007). Reviewing courts are to examine counsel's performance in a highly

deferential manner and "must indulge a strong presumption that counsel's

conduct fell within the wide range of reasonable professional assistance."

*Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting

*Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d

1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness

of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir.

1989) (emphasizing that petitioner was "not entitled to error-free

representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315. "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness." *Chandler*, 218 F.3d at 1314. When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, a defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*, 466 U.S. at 693). For a court to focus merely on "outcome determination," however,

is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Case Nos.: 1:14cr05/MW/GRJ; 1:15cv231/MW/GRJ

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his

Case Nos.: 1:14cr05/MW/GRJ; 1:15cv231/MW/GRJ

constitutional rights based on his attorney's performance. A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples*

*v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239. Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

### B. Petitioner's Ground One

In his first ground for relief, Petitioner alleges that pursuant to the United States Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015) his sentence was improperly enhanced under the residual clause of the ACCA. Petitioner asserts his prior convictions for "fleeing and eluding," "resistance with violence concerning a law enforcement offense," "conspiracy to commit Armed Robbery dated May 20, 1997," and his conviction for "resisting with violence dated January 15, 2004," do not qualify as ACCA predicate offenses. (ECF No. 39 at 14.) Petitioner asserts he is "actually innocent" of the enhanced sentence under the ACCA because his prior convictions are not predicate offenses under ACCA. *Id.*

Normally, a conviction possession of a firearm or ammunition by a convicted felon carries a statutory maximum sentence of ten years. 18

U.S.C. §§ 922(g), 924(a)(2). However, if a defendant who is convicted of one of those offenses already has three or more convictions for a "violent felony" or a "serious drug offense," the ACCA provides that he must be sentenced to at least 15 years of imprisonment. *Id.* § 924(e)(1). The ACCA defines a "violent felony" as follows:

> [A]ny crime punishable by imprisonment for a term exceeding one year. . . that—
>
> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)   is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

*Id.* § 924(e)(2)(B). The first prong of that definition, § 924(e)(2)(B)(i), is known as the "elements clause." *Mays v. United States*, 817 F.3d 728, 730–31 (11th Cir. 2016). The second prong, § 924(e)(2)(B)(ii), is itself split into two clauses. The first part, listing burglary, arson, extortion, or an offense involving the use of explosives, is known as the "enumerated offenses clause," and the second part is known as the "residual clause." *Id.* On June 26, 2015, the United States Supreme Court held in *Johnson* that the ACCA's residual clause is unconstitutionally vague. 135 S.Ct. at 2563.

Case Nos.: 1:14cr05/MW/GRJ; 1:15cv231/MW/GRJ

And in April 2016, the Court held that the *Johnson* decision is retroactively applicable to cases on collateral review. *Welch v. United States,* 136 S.Ct. 1257, 1268 (2016).

A § 2255 movant bears the burden of proving his *Johnson* claim. *Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017) ("[T]o prove a *Johnson* claim, the movant must show that—more likely than not— it was use of the residual clause that led to the sentencing court's enhancement of his sentence). *Id.* at 1221-22. The movant must establish that his sentence enhancement "turn[ed] on the validity of the residual clause." *Id.* at 12221. In other words, he must show that the clause actually adversely affected the sentence he received. *Id.* (citing *In re Thomas*, 823 F.3d 1345, 1349 (11th Cir. 2016) (footnote omitted)). Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a *Johnson* violation. *Id.* That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by *Johnson*) to qualify a prior conviction as a violent felony, and (2) if there

were not at least three other prior convictions that could have qualified

under either of those two clauses as a violent felony, or as a serious drug

offense. *Id.*

Petitioner fails to carry his burden. First, the sentencing record

contains no indication whatsoever that the Court relied solely on the

residual clause with respect to Petitioner's ACCA enhancement. The bulk

of the discussion at sentencing revolved around an objection Petitioner

raised and ultimately withdrew challenging the PSR's finding, pursuant to

§4B1.4(a) and (b)(3)(A), that a firearm was used in connection with a crime

of violence. There was no discussion that suggests the sentencing Court

relied solely on the residual clause to qualify Petitioner's prior convictions

as violent felonies.

Second, the PSR listed five prior drug convictions that qualify as

serious drug offenses: (1) possession of cocaine with intent to sell (ECF

No. 29 at ¶¶ 32, 43); two individual sale of controlled substance offenses

(*Id.* at ¶¶ 34, 52); and a conviction for sale of cocaine within 1,000 feet of a

place of worship (*Id.* at ¶ 47). These convictions were all in violation of Fla.

Stat. 893.13 and thus qualify as serious drug offenses. *See United States*

*v. Smith*, 775 F.3d 1262, 1265-68 (11th Cir. 2014) (holding that Section

893.13(1) of the Florida Statutes is both a "serious drug offense," 18 U.S.C.

§ 924(e)(2)(A), and a "controlled substance offense," U.S.S.G. § 4B1.2(b));

(*United States v. Adams*, 372 F. App'x 946, 950 (11th Cir. 2010) (holding

that defendant's conviction for possession with the intent to sell,

manufacture, or deliver, a controlled substance was a serious drug

offense)); *United States v. Pitts*, 394 F. App'x 680, 683-84 (11th Cir. 2010)

(holding that both the sale and delivery of cocaine qualify as a serious drug

offense for the purposes of the ACCA)). Thus, Petitioner's prior drug

offenses were sufficient to support the ACCA enhancement. Accordingly,

Petitioner has failed to prove his *Johnson* claim.[1]

### C. Petitioner's Ground Two

Petitioner next asserts his ACCA enhancement is invalid because his

"prior sale of cocaine conviction" does not amount to a "serious drug

offense" under the ACCA. As discussed in the previous section, Petitioner's

---

[1] The Government also argues Petitioner's *Johnson* claim is waived because he could have but failed to raise it in a direct appeal to the Eleventh Circuit Court of Appeals. The Supreme Court's decision in *Johnson* was decided on June 26, 2015, months after Petitioner's time frame for filing an appeal to the Eleventh Circuit expired. Accordingly, because a *Johnson* claim was not available to Petitioner on direct appeal, it is not waived.

Case Nos.: 1:14cr05/MW/GRJ; 1:15cv231/MW/GRJ

convictions for violating Fla. Stat. 893.13 qualify as serious drug offenses under the ACCA. Therefore, Petitioner's enhancement is valid.

Petitioner further argues his counsel was ineffective for failing to object on these grounds at sentencing and failing to raise this claim in a direct appeal. However, given the state of the law, such a claim would not have been meritorious. The failure to raise a meritless claim cannot be ineffective assistance of counsel. Accordingly, Petitioner fails to meet the standard for ineffective assistance of counsel set forth in *Strickland*.

### D. Petitioner's Ground Three

In his final ground for relief, Petitioner alleges his counsel rendered ineffective assistance for erroneously advising Petitioner before he pleaded guilty that his prior convictions for the sale of controlled substances could not be used to enhance his sentence under § 924(e). Petitioner alleges that, but for counsel's erroneous advice, Petitioner would have insisted on going to trial instead of pleading guilty.

Petitioner provides no evidence in support of this claim, only his self-serving allegation that he was misadvised by counsel. This assertion is also directly at odds with the PSI, which clearly advises on page one that the

minimum mandatory term of imprisonment is 15 years to life. Plaintiff's unsubstantiated and self-serving statement is insufficient to demonstrate ineffective assistance of counsel under *Strickland*.

### E. Evidentiary Hearing

To warrant an evidentiary hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. Petitioner has failed to do so here. Accordingly, his request for an evidentiary hearing is denied.

## III. CONCLUSION

For all of the foregoing reasons, the Court concludes that Petitioner has not shown that he is entitled to Section 2255 relief. Nor has he shown that an evidentiary hearing is warranted. Therefore, Petitioner's Motion should be denied.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be

filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.  The "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 39) should be **DENIED**.

Case Nos.: 1:14cr05/MW/GRJ; 1:15cv231/MW/GRJ

2.    A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 13th day of November, 2017.

*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.    *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos.: 1:14cr05/MW/GRJ; 1:15cv231/MW/GRJ